# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| PEDRO MALDONADO AND ALMA MALDONADO, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. <u>3:16-cv-342</u> |
| v. | § § | |
| ALLSTATE TEXAS LLOYD'S, | § § § | |
| Defendant. | § | |

## INDEX OF MATTERS BEING FILED

The following is an index of all documents that clearly identifies each document and indicates the date the document was filed in the El Paso County District Court (if applicable) in this case:

| Exhibit | Date | Document |
|---|---|---|
| B | N/A | Docket Sheet |
| B-1 | 06/23/2016 | Plaintiffs' Original Petition |
| B-2 | 06/23/2016 | Civil Case Information Sheet |
| B-3 | 06/29/2016 | Issuance of Citation |
| B-4 | 07/08/2016 | Return of Citation |
| B-5 | 07/29/2016 | Allstate's Original Answer |
| C | 02/09/2016 | Plaintiffs' DTPA Demand |



EXHIBIT
A

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2016DCV2373

| PEDRO MALDONADO,ALMA MALDONADO VS ALLSTATE TEXAS LLOYDS | § § § § § § | Case Type: | **Deceptive Trade Practices** |
|---|---|---|---|
| | | Date Filed: | **06/23/2016** |
| | | Location: | **168th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **ALLSTATE TEXAS LLOYDS** | **Lead Attorneys**<br>**SEAN CARROLL WHITE**<br>*Retained*<br>915-533-4424(W) |
| **Plaintiff** | **MALDONADO, ALMA** | **J. Michael Moore**<br>*Retained*<br>956-631-0745(W) |
| **Plaintiff** | **MALDONADO, PEDRO** | **J. Michael Moore**<br>*Retained*<br>956-631-0745(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 06/23/2016 | **Original Petition (OCA)** . **Doc ID# 1** | | |
| 06/23/2016 | **E-File Event Original Filing** | | |
| 06/23/2016 | **Case Information Sheet**   **Doc ID# 2** | | |
| 06/29/2016 | **Citation** | | |
| |    ALLSTATE TEXAS LLOYDS | Served | 07/05/2016 |
| | | Response Due | 08/01/2016 |
| | | Returned | 07/08/2016 |
| 07/29/2016 | **Answer**   **Doc ID# 3** | | |



**EXHIBIT**

**B**

CAUSE NO. _____

| | | |
|---|---|---|
| PEDRO AND ALMA MALDONADO | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| | §. | |
| VS. | § | EL PASO COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| Defendant, | § | _____ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS**

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, PEDRO AND ALMA MALDONADO (herein individually or collectively "Plaintiff"), and files this Plaintiff's Original Petition complaining of Defendant ALLSTATE TEXAS LLOYDS, (herein "Defendant Insurance Company" or "Defendant"), and for cause of action shows the Court the following:

### **I. DISCOVERY CONTROL PLAN**

1.1     Plaintiff intends to conduct discovery pursuant to Rule 190.2 under Rule 169(d) of the Texas Rules of Civil Procedure's Expedited Actions Process and affirmatively pleads that this suit falls under the expedited-actions process of Texas Rule of Civil Procedure 169 because claimant seeks only monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

1.2     Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  Plaintiff's monetary request for relief is less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. Tex. R. Civ. P. 47(c)(1).

### **II. PARTIES**

2.1     Plaintiff, PEDRO AND ALMA MALDONADO, are individuals who reside in El

EXHIBIT
**B-1**

Paso County, Texas.

2.2     Defendant ALLSTATE TEXAS LLOYDS ("Defendant Insurance Company") is a domestic insurance company incorporated in the State of Texas, organized under the laws of the State of Texas, and engaged in the business of insurance in the State of Texas. **Service of process is requested to be effectuated by certified mail on said Defendant by delivering the Citation and a copy of the Original Petition to said Defendant and/or Defendant's registered agent at:**

**C T Corporation System**
**1999 Bryan St Ste 900**
**Dallas TX 75201 -3136**

**The court's clerk is requested to issue the Citation and Original Petition by certified mail.**

### III. JURISDICTION & RULE 47(c) STATEMENT

3.1     This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff affirmatively states, pursuant to Rule 47(c)(1) and Rule 47(d) Tex.R.Civ.Proc., that Plaintiff seeks monetary relief of less than $75,000.00, and a demand for judgment for all other relief to which Plaintiff deems Plaintiff is entitled to as demonstrated herein.

3.2     This Court has jurisdiction over Defendant Insurance Company because this Defendant is an insurance company incorporated in the State of Texas, which engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## IV. VENUE

4.1     Venue is proper in El Paso County, Texas, because the insured property, subject to this suit, is situated in El Paso County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

## V. FACTS

5.1.     Plaintiff purchased a policy from Defendant Insurance Company, insuring Plaintiff's property against certain losses. The Policy number was 000986318512 (hereinafter referred to as "the Policy")

5.2     Plaintiff owns the insured property, which is located at 721 Nazareno Street, Horizon, Texas 79928 (hereinafter referred to as "the Property").

5.3.     On or about October 06, 2015, a hail/wind storm passed through El Paso County and caused extensive damage to the insured property (the "hail/wind storm event"). Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant Insurance Company for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 0392217576.

5.4     Subsequent to Plaintiff making the Claim, Defendant Insurance Company assigned a local Texas Adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiff's claim.

5.5     After having the damages reevaluated by a qualified adjustor, Plaintiff sent Defendant a demand for payment of the claim. In response, Defendant Insurance Company has failed to tender adequate payment to which Plaintiff is entitled.

5.6     Plaintiff requested that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as

those within the interior, pursuant to the Policy.

5.7    Defendant Insurance Company has wrongfully delayed and denied payment of the balance due to Plaintiff for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant Insurance Company has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiff's property were substantially less than the actual cost of repairs.

5.8    Pleading in the alternative, Plaintiff's actual covered damage and losses to the Property as a result of the hail/wind storm and other covered losses, including the costs of temporary repairs and alternative living expenses, have caused other consequential damages to be sustained by Plaintiff herein. Defendant Insurance Company is liable for these consequential damages due to its failure to promptly and sufficiently pay the claim.

5.9    Pleading in the alternative and based upon information and belief, the Adjustor was compensated for each claim the Adjustor adjusted on behalf of Defendant Insurance Company and/or other combination of compensation tied to the quantity of claims adjusted. As part of this believed agreement, the Adjustor under-scoped the value of the damages to the Property on behalf of Defendant Insurance Company.  The Adjustor was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's hail/wind storm damage property claim in order to increase the number of claims the Adjustor adjusted for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g).  The Adjustor was negligent in violating Defendant Insurance Company's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to the Property and by failing to fully investigate and evaluate the Plaintiff's insured losses based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g).

Additionally, based upon information and belief and the acts and the practices the Adjustor actually employed, the Adjustor held a personal bias in favor of Defendant Insurance Company and prejudicially against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).  The Adjustor, on behalf of Defendant Insurance Company, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a)      The Adjustor failed to properly investigate and inspect the Property during repair of the property which would have revealed other covered hail/wind storm damage property losses;

b)      The Adjustor failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c)      The Adjustor refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist in Property that has undergone hail/wind storm damage of the severity that Plaintiff's Property sustained;

d)      The Adjustor failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiff's Property due to the hail/wind storm damage;

e)      The Adjustor performed only a cursory inspection of the exterior and interior of

the insured Property, spending insufficient time at the Property to properly assess all items of damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant Insurance Company for the hail/wind storm damages and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the hail/wind storm event;

f)    Pleading in the alternative, the Adjustor, during the investigation of the Plaintiff's claim, made coverage decisions, which the Adjustor was not qualified and/or authorized to perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiff's covered hail/wind storm claim and its losses to Defendant Insurance Company;

g)    Defendant Insurance Company fraudulently represented to Plaintiff verbally and by conduct, insisted that the majority of the damages to the Property were not related to the hail/wind storm event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the Adjustor's reports to Defendant Insurance Company. Based upon information and belief, Defendant Insurance Company's acts and omissions as they pertain to the mishandling of Plaintiff's claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjustor, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

5.10    Based upon information and belief, Defendant Insurance Company failed to thoroughly review the fraudulent and inaccurate assessment of the Claim as produced by the

Adjustor and ultimately approved the Adjustor's inaccurate reports of the damages to the Property.

5.11    The mishandling of Plaintiff's claim has also caused a delay and hardship in the ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiff's Property and mental anguish as a result thereof.  To date, Plaintiff has yet to receive the full payment to which Plaintiff is entitled under the Policy.

5.12    In the alternative, without waiving the foregoing, and based upon information and belief, Defendant Insurance Company instructed the Adjustor to follow their claims processing guidelines of in connection with the claims handling process for Plaintiff's claim.  Defendant Insurance Company was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiff's claim. Defendant Insurance Company was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling.  Defendant Insurance Company breached such duties in connection with the Claim by failing to properly train, direct and oversee the claims handling practices employed by the Adjustor.

5.13    At all times material herein, Defendant Insurance Company had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policy holders – specifically Plaintiff. Defendant Insurance Company represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and property insurance policies.  Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of

construction costs and insurance policy coverage issues relating to property losses, Plaintiff relied on such misrepresentations to Plaintiff's detriment, and hence (1.) purchased the Policy from Defendant Insurance Company, and (2.) accepted the estimate of damages from Defendant Adjustor which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained.  Defendant Insurance Company made such representations knowing they were false and with the intent that Plaintiff rely on such representations.

5.14   Based upon information and belief, Defendant Insurance Company, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein by assigning the Adjustor to adjust and handle Plaintiff's claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjustor's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as set forth herein.

5.15   Based upon information and belief, Defendant Insurance Company distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjustor and held meetings and issued directives to the field instructing how Defendant Insurance Company wanted claims like Plaintiff's to be handled. Defendant Insurance Company, through directives to its adjusters like the Adjustor, tasked those adjusters assigned to Plaintiff's claim with handling such losses in line with Defendant Insurance Company's policy and procedures. Defendant Insurance Company communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjustor of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property.  These policies served to fuel and motivate the Adjustor's individual pre-disposition of

bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

5.16    Defendant Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant Insurance Company's conduct constitutes a breach of the insurance contract between Defendant Insurance Company and Plaintiff.

5.17    From and after the time Plaintiff's claim was presented to Defendant Insurance Company, the liability of Defendant Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant Insurance Company has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   Defendant Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

5.18    Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5.19    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing Plaintiff with respect to these causes of action.

5.20    Based upon information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant Insurance Company committed in this case, or similar acts

and omissions, occur with such frequency that they constitute a general business practice of Defendant Insurance Company with regard to the handling of these types of claims. Defendant Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

6.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-5.20 and incorporate the same herein by this reference as if here set forth in full.

6.2     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

6.3     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

6.4     Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.   Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

6.5     Defendant failed to affirm or deny coverage of Plaintiff's claim within a

reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

6.6     Defendant Insurance Company refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

6.7     Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

6.8     Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

6.9     Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## VII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – FRAUD

7.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-6.9 and incorporate the same herein by this reference as if here set forth in full.

7.2     Defendant is liable to Plaintiff for common law fraud.

7.3     Defendant Insurance Company represented in its policy that damages resulting from a hail/wind storm would be insured against loss. Plaintiff, to its detriment, purchased Defendant Insurance Company's policy in exchange for a benefit Defendant Insurance Company knew the Plaintiff would not receive. Plaintiff further relied to its detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiff's claim. Plaintiff was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjustor after the delays and failure to provide the promises adjusting services were discovered.  Defendant, based upon its experience, special knowledge of hail/wind storm structural loss issues and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

7.4     Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff.  Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff sought the assistance of its public adjustor in order to mitigate its

losses and begin repair of the property so that the Property could be restored to a habitable condition which has caused further damage and expense. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance.

7.5    The conduct of Defendant has prolonged Plaintiff's hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated those representations to Plaintiff which were false.  Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

7.6    Defendant made statements and performed actions with the intention to manipulate Plaintiff to act as Plaintiff did, thereby causing Plaintiff to suffer injury and constituting common law fraud.

**VIII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – CONSPIRACY TO COMMIT FRAUD**

8.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-7.6 and incorporate the same herein by this reference as if here set forth in full.

8.2    Defendant is liable to Plaintiff for conspiracy to commit fraud.  Defendant, through its relationships with adjusters, and/or third party claims adjusting firms, was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or

a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result. Plaintiff does not seek damages from conspirators other than Defendant Insurance Company, but reserves the right to amend this pleading.

## IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

9.1    Plaintiff replead all of the material allegations above set forth in Paragraphs 1.1-8.2 and incorporate the same herein by this reference as if here set forth in full.

9.2    Defendant Insurance Company is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

9.3    Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiff.

9.4    Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiff.

9.5    Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## X. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

10.1    The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

10.2    Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Defendant Adjustor including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## XI. KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XII. DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

12.2    As previously stated, the damages caused by the hail/wind storm event were not fully paid by Defendant Insurance Company and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant Insurance Company, which has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

12.3    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's

bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

12.4   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

12.5   For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

12.6   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

12.7   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

12.8   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals

and/or the Supreme Court of Texas.

## XIII. RESERVATION OF RIGHTS

13.1    Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XIV. CONDITIONS PRECEDENT

14.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XV. JURY DEMAND

15.1    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in El Paso County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## XVI. REQUESTS FOR DISCLOSURE TO DEFENDANT

16.1    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Insurance Company and Defendant Adjustor disclose within fifty days (50) of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVII. PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

17.1    Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, you are hereby requested to produce the below designated "documents" which shall include, but are not limited to, papers, books, accounts, writings, drawings, graphs, charts, photographs, emails, electronic data, meta data or any other form of recordings and other data compilations from

which information can be obtained, translated, or reproduced, if necessary by you, your agents or attorneys, through appropriate devices into reasonably usable form, and to produce the below designated tangible things which constitute or contain matters which are in the possession, custody or control of you, your agents, servants or attorneys, for inspection, sampling, testing, photographing and/or copying on the first business day after the expiration of fifty (50) days after service of these Requests for Production, at 4900 North 10th Street, Suite E2, McAllen, Texas 78504 pursuant to Rule 196.2(a) Tex.R.Civ.Proc. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this Request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed.

## INSTRUCTIONS AND DEFINITIONS

17.2    In answering the following interrogatories and responding to the following Requests for Production, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer an Interrogatory or respond to a Request for production in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

17.3    The INTERROGATORIES and REQUESTS FOR PRODUCTION OF DOCUMENTS which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers and responses hereto such additional information as

you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to these Interrogatories and Requests for Production of Documents below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

a.      "Person(s)" means natural persons, corporation, partnerships, sole proprietorships, unions, associations, federations, reciprocal or inter-insurance exchange, Lloyd's plan, adjustor, contractor/estimator, engineer, independent contractor or any other kind of entity.

b.      "Document" means any printed, typewritten, hand written, electronically stored information in its native format, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(1)     "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary

files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(2)     "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(3)     "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

c.     "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

d.     "Handle", "handled", "handling" and/or "worked on" – any person as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims

mad the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

e.     "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this suit occurred.

f.     "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this suit.

g.     "Claim" or "Claim made the basis of this Suit" shall mean the claim filed by Plaintiff under Policy No. 000986318512 for structural damage incurred as a result of a hail/wind storm damages throughout the insured premises located at 721 Nazareno Street, Horizon, Texas 79928 on or about.

h.     "Describe" and/or "Identify", when referring to a document, is defined to require that you state the following:

     1.   The nature (e.g., letter, handwritten note) of the document;

     2.   The title or heading that appears on the document;

     3.   The date of the document and the date of each addendum, supplement, or other addition or change;

     4.   The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

     5.    The present location of the document, and the name, address, position, or title, and telephone number of the person or persons having custody of the document.

If you object to identifying any person as hereinabove defined, or producing any item requested, or you feel that a court order should be obtained by this party, please so state in your answer to the interrogatory or response to a request for production.

## ADDITIONAL INSTRUCTIONS REGARDING REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION

1.   Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, pursuant to Rule 196.4 of the Texas Rules of Civil Procedure and should not be converted to an imaged format (e.g. .PDF) unless such document must be redacted to remove privileged content or the document does not exist in a native electronic format, in which case a privilege log is requested.

2.   Native format requires production in the same format in which the information was customarily created, used and stored by you.  Examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced are as follows for each ESI Source:

   a)   <u>Microsoft Word documents</u> - .DOC, .DOCX.

   b)   <u>Microsoft Excel Spreadsheets</u> - .XLS, .XLSX.

   c)   <u>Microsoft PowerPoint Presentations</u> - .PPT, .PPTX.

   d)   <u>Microsoft Access Databases</u> - .MDB.

   e)   <u>WordPerfect documents</u> - .WPD.

   f)   <u>Adobe Acrobat Documents</u> - .PDF.

   g)   <u>Photographs</u> - .JPG.

   h)   <u>E-mail Messages</u> - should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded,

electronically-searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced.

i)      Databases (excluding e-mail systems) - Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate Plaintiff crafting a query to extract and export responsive data.

3.      Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

4.      Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable .PDF format with logical unitization preserved.

5.      Production should be made using a flash/thumb drive or a portable external hard drive. If flash/thumb drives or portable external hard drive are not available to Defendant, Plaintiff will provide to Defendant upon request.

6.     Documents produced should be Bates numbered by naming the file produced to conform to the Bates number assigned to that file, supplying the original file name data in the delimited load file described below.   .PDF production of documents that do not exist in a native electronic format may be Bates numbered on each page in a manner that does not obscure content by embossing the Bates number of the file followed by a dash and the page number. Respond to each request for documents by listing the Bates numbers of responsive documents produced

7.     Production should include a delimited load file supplying relevant system metadata field values for each document by Bates number.  The field values supplied should include (as applicable):

a. Source file name;

b. Source file path;

c. Last modified date;

d. Last modified time;

e. Custodian or source;

f. Document type;

g. MD5 hash value;

h. Redacted flag; and,

i. Hash de-duplicated instances (by full path).

8.     Documents should be vertically de-duplicated by custodian using each document's hash value. Near-deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes or application metadata.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSURANCE COMPANY

1.    The following insurance documents issued for the Property as identified in the Petition:
      a.   the policy at issue for the date of loss as identified in the Petition

      RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request includes, but is not limited to all documents relating to any real property insurance claims made by Plaintiff. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

      RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

      RESPONSE:

4.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

      RESPONSE:

5.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

      RESPONSE:

6.    All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

      RESPONSE:

7.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail/wind storm property damage.

RESPONSE:

8.      All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

9.      Produce all documents showing amounts billed and paid to any engineer and/or engineering firm, third-party claims service, and/or independent adjuster who participated in the evaluation, assessment, and/or adjustment of the claim made subject of this suit. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

10.     A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. As part of said personnel files, this request includes documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit. This request is limited to the past 5 years.

RESPONSE:

11.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit, as well as all reports that include this claim specifically and the manner by which it was evaluated from the date of the hail/wind storm to the present.

RESPONSE:

12.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 11 above.

RESPONSE:

13.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

15.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

## WRITTEN INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

1.   Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant, including those providing information for the answers to these interrogatories.

ANSWER:

2.   State the following concerning notice of claim and timing of payment:
   a.   The date and manner in which Defendant received notice of the claim;
      i.   If Defendant contends that Plaintiff failed to provide proper notice of the claim made the basis of this suit under the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.
   b.   The date and manner in which Defendant acknowledged receipt of the claim;
   c.   The date and manner in which Defendant commenced investigation of the claim;
   d.   The date and manner in which Defendant requested from the Plaintiff all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiff;
   e.   The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.
   f.   To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.
   g.   The date and manner in which you notified Plaintiff of acceptance or rejection of coverage for all or any portion of Plaintiff's claim; and
   h.   The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.
   i.   The date(s) on while Defendant closed Plaintiff's claim, if applicable.

ANSWER:

---

3.  Identify each inspection of the Property made the basis of this Lawsuit by:
    a.  The name and job title of each person who inspected the Property;
    b.  The date of each inspection;
    c.  The purpose of each inspection; and
    d.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.
    e.  In the event that Defendant contends that Plaintiff ailed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

4.  If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

ANSWER:

5.  At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied or partially paid or denied in part.

ANSWER:

6.  Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiff failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

ANSWER:

7.  At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiff. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiff did not respond and if Defendant denied any portion of the claim based on Plaintiff's failure to respond.

ANSWER:

Plaintiff's Original Petition and First Set of Discovery Requests
MLF File No.

Page 28

8.     At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiff's claim.

ANSWER:

9.     Identify and state each and every basis, contention and reason why Defendant Insurance Company has not fully paid Plaintiff's Claim, as they relate to why Defendant Insurance Company disputes the dollar amount of the Claim submitted to it by Plaintiff for the replacement of and/or costs to repair the property and all other losses and expenses submitted by Plaintiff to Defendant Insurance Company in connection with the hail/wind storm damage claim made the basis of this suit.

ANSWER:

10.    Identify each item of damage, loss or expense of Plaintiff's Claim that Defendant contends is not covered by the policy as well as all exclusions under the policy applied to the claim made the basis of this lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

11.    State whether if any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for claims similar to Plaintiff's Claim in regard to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

ANSWER:

12.    To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

13.    To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 and/or 542 and/or any violations of the requirements or obligations owed to Plaintiff(s) under the Policy that were discovered by Defendant on this claim during the claims handling process.

ANSWER:

14.    State the date Defendant first anticipated litigation.

ANSWER:

15.    If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

ANSWER:

The State of Texas
My commission expires: _____

## XVIII. PRAYER

18.1    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial

hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate

Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages

under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In

addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case,

for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as

allowed by law, and for any other and further relief, either at law or in equity, to which she may

show herself justly entitled.

Respectfully submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite E-2
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:  (866) 266-0971


By:     */s/ J. Michael Moore*
        J. MICHAEL MOORE
        State Bar No. 14349550

**ATTORNEY FOR PLAINTIFF**

El Paso County - 168th District Court

**CIVIL CASE INFORMATION SHEET**

Filed 6/23/2016 3:37:32 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV2373

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED  PEDRO AND ALMA MALDONADO VS. ALLSTATE TEXAS LLOYDS
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: J. Michael Moore
Email: lit-docket@moore-firm.com

Address: 4900 N. 10th Street
Telephone: 956-631-0745

City/State/Zip: McAllen, Texas 78504
Fax: 888-266-0971

Signature: J. Michael Moore
State Bar No: 14349550

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
PEDRO MALDONADO
ALMA MALDONADO

Defendant(s)/Respondent(s):
ALLSTATE TEXAS LLOYDS

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [x] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

*Civil*

**Contract**
*Debt/Contract*
- [x] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

*Family Law*

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

*Probate & Mental Health*

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

**4. Indicate damages sought *(do not select if it is a family law case)*:**
- [x] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

EXHIBIT B-2

Rev 2/13

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **ALLSTATE TEXAS LLOYDS,** who may be served with process through its registered agent **C T CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900, DALLAS, TX  75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and First Set of Discovery Requests at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 23rd day of June, 2016, by Attorney at Law J. MICHAEL MOORE, 4900 NORTH 10TH STREET, SUITE E-2, MCALLEN, TX   78504 in this case numbered **2016DCV2373** on the docket of said court, and styled:

**PEDRO AND ALMA MALDONADO**
vs.
**ALLSTATE TEXAS LLOYDS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and First Set of Discovery Requests accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 29th day of June, 2016.

Attest:  NORMA L. FAVELA, District Clerk, El Paso County, Texas

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

By _____ , Deputy
Edith Miledi

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that <u>on this the 29th day of June, 2016</u> at 11:10 AM I mailed to:  .

ALLSTATE TEXAS LLOYDS through its registered agent C T CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900 DALLAS, TX 75201-3136

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and First Set of Discovery Requests attached thereto.

_____
COURT CLERK- TITLE

*NAME OF PREPARER _____ TITLE

ADDRESS _____

CITY _____ STATE _____ ZIP _____

**EXHIBIT**
**B-3**

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

    This forwarding address was provided:_____

**ARTICLE NO. : 7112 4369 4680 3268 7223**

**SENT TO:   ALLSTATE TEXAS LLOYDS through its**
**registered agent C T CORPORATION SYSTEM at 1999**
**BRYAN ST., STE. 900 DALLAS, TX  75201-3136**

**POSTAGE: $0.37**
**FEE: $2.30**
**RETURN RECEIPT FEE: $1.75**

**DATE SENT: 06/29/2016**

**SENDER'S NAME: Edith Miledi**

**THIS ENVELOPE CONTAINS:  Plaintiff's Original**
**Petition & First Set of Discovery Requests & Citation**

El Paso County, Texas

By:_____
        Deputy District Clerk

OR

_____
    Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

## CERTIFIED MAIL RECEIPT

| | |
|---|---|
| **CAUSE NO. :** | **2016DCV2373** |
| **ARTICLE NO. :** | **7112  4369  4680  3268  7223** |
| **SENT TO:** | **ALLSTATE TEXAS LLOYDS** |
| **POSTAGE:** | **$0.37** |
| **FEE:** | **$2.30** |
| **RETURN RECEIPT FEE:** | **$1.75** |
| **DATE SENT:** | **06/29/16** |
| **SENDER'S NAME:** | **Edith Miledi** |
| **THIS ENVELOPE CONTAINS:** | **Plaintiff's Original Petition and First Set of Discovery Requests & Citation** |





CAUSE NUMBER: _____  SHERIFF ☐   ☒ **E-FILE**

AGENT/INDIVIDUAL: _____   ATTY: _____

☐ CAPIAS

☐ CITATION PERSONAL SERVICE

☒ CITATION BY MAIL: ☐ Regular  ☒ Certified

☐ CITATION NON-RESIDENT

☐ CITATION BY ☐ PUBLICATION ☐ POSTING

☐ NTC TO SHOW CAUSE

☐ PROTECTIVE ORDER

☐ SUBPOENA(S)

☐ TRO

☐ OTHER: _____

Rec'd (Clock Stamp):

2016 JUN 27  AM 8: 50

☐ PAUPER'S OATH   ☐ *RUSH*   APPROVED BY: _____

CLERK ISSUING SERVICE: _____   DATE COMPLETED: _____

RECEIVED BY: _____   DATE RECEIVED: _____

Attn: The District Clerk's Office is not responsible for any errors after the request is received by the requesting individual;
Please review your request for accuracy

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **ALLSTATE TEXAS LLOYDS,** who may be served with process through its registered agent **C T CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and First Set of Discovery Requests at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168**th **Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 23rd day of June, 2016, by Attorney at Law J. MICHAEL MOORE, 4900 NORTH 10TH STREET, SUITE E-2, MCALLEN, TX  78504 in this case numbered **2016DCV2373** on the docket of said court, and styled:

**PEDRO AND ALMA MALDONADO**
vs.
**ALLSTATE TEXAS LLOYDS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and First Set of Discovery Requests accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 29th day of June, 2016.

Attest:  NORMA L. FAVELA, District Clerk, El Paso County, Texas

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

BY: _____, Deputy
Edith Miledi

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on this the 29th day of June, 2016 at 11:10 AM I mailed to:

ALLSTATE TEXAS LLOYDS through its registered agent C T CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900 DALLAS, TX 75201-3136

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and First Set of Discovery Requests attached thereto.

_____
COURT CLERK-TITLE

| *NAME OF PREPARER | | TITLE | |
|---|---|---|---|
| ADDRESS | | . | |
| CITY | STATE | | ZIP |

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____ _____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

This forwarding address was provided:_____


ARTICLE NO. : 7112 4369 4680 3268 7223

SENT TO:   ALLSTATE TEXAS LLOYDS through its
registered agent C T CORPORATION SYSTEM at 1999
BRYAN ST., STE. 900 DALLAS, TX  75201-3136

El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

POSTAGE: $0.37
FEE: $2.30
RETURN RECEIPT FEE: $1.75

By:_____

DATE SENT: 06/29/2016

SENDER'S NAME: Edith Miledi

THIS ENVELOPE CONTAINS:  Plaintiff's Original
Petition & First Set of Discovery Requests & Citation


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day
of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

FILED
NORMA L. FAVELA
DISTRICT CLERK

2016 JUN 29  AM 11: 10

EL PASO COUNTY, TEXAS

BY _____
DEPUTY

Filed 7/29/2016 10:08:42 AM
Norma L. Favela
District Clerk
El Paso County
2016DCV2373

## CAUSE NO. 2016DCV2373

| | | |
|---|---|---|
| PEDRO AND ALMA MALDONADO, | § | IN THE DISTRICT OF |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| **Defendant.** | § | 168th JUDICIAL DISTRICT |
| | § | |

### DEFENDANT ALLSTATE TEXAS LLOYD'S ORIGINAL ANSWER TO
### PLAINTIFFS' ORIGINAL PETITION

Defendant ALLSTATE TEXAS LLOYD'S (Allstate) files this Original Answer to Plaintiffs' Original Petition and would respectfully show the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegation contained within Plaintiffs' Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.



EXHIBIT

B-5

Respectfully submitted,


/s/ Sean C. White
Sean C. White
State Bar No. 24042149
KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
Telephone:     (915) 533-4424
Facsimile:     (915) 546-5360
Email:  sean.white@kempsmith.com

AND

Roger D. Higgins
State Bar No.  09601500
Vanessa Rosa
State Bar No. 24081769
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Facsimile:     (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: vrosa@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYDS**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on July 29, 2016, a copy of this document was served to all Counsel of Record via electronic file notification to:

J. Michael Moore
The Moore Law Firm
4900 North 10th Street
Suite E-2
McAllen, Texas 78504


/s/ Sean C. White
Sean C. White



# MOORE ∥ LAW FIRM

MCALLEN ✶ HOUSTON

Tuesday, February 09, 2016

<u>*Certified Mail/Return Receipt Requested:*</u>
<u>No. 7014 3490 0000 1723 9334</u>
ALLSTATE TEXAS LLOYDS
3075 Sanders Road Suite H1a
Northbrook, IL 60062

<u>*Certified Mail/Return Receipt Requested:*</u>
<u>No. 7014 3490 0000 1723 9341</u>
Alex Frezell
22A S. Florida St.
Mobile, AL 36606

## <u>NOTICE OF CLAIM/DEMAND AND OFFER TO MEDIATE</u>

| Re: | Our Client (Your Insured) | : | Pedro and Alma Maldonado |
|-----|---------------------------|---|--------------------------|
|     | Claim No.                 | : | 0392217576               |
|     | Policy No.                | : | 986318512                |
|     | Date of Incident          | : | October 6, 2015          |

Dear Sirs/Madams:

This firm represents Pedro and Alma Maldonado ("Our Client") in connection with the above referenced hail/windstorm property damage insurance claim. This letter is intended to provide you with notice of our client's claims against Allstate Texas Lloyds ("The Insurance Company"), and Alex Frezell ("The Adjustor") pursuant to Texas Insurance Code § 541.060, *et seq*. and § 542.055, *et seq.*; Texas Business and Commerce Code § 17.41, *et seq.*; and Texas Civil Practice & Remedies Code § 38.001, *et seq*. To assist you in evaluating the merits of the case, I have set forth below the relevant facts, analysis of your liability, and the damages that have been incurred by our client to date.

### I.   Factual Background

Our client owns certain real property with improvements located at 721

*4900 North 10ᵗʰ, Suite E-2*
*‣ McAllen, Texas 78504*
*Tel. 956.631.0745*
*Fax. 888.266.0971*



EXHIBIT
**C**

ALLSTATE TEXAS LLOYDS
Alex Frezell
Demand
Tuesday, February 09, 2016
Page 2 of 7

Nazareno Street, Horizon, TX 79928(the "Property"), which was insured under policy number 986318512, issued by The Insurance Company ("The Policy"). On or about October 6, 2015, the Property was severely damaged by a hail/windstorm.

Shortly thereafter, our client filed a claim with The Insurance Company. Subsequent to our client making the Claim, The Insurance Company assigned an Adjustor, to adjust the claim.

On or about November 28, 2015, The Adjuster failed to adequately adjust our client's hail/windstorm damage claim by negligently reporting a total replacement cost value for the loss of $2,430.71 (*see* Exhibit "A"). The Adjuster's superficial and negligent inspection prevented our client from obtaining an accurate and fair estimation of the damages caused to our client's property.

Due to this negligent estimation/adjustment, our client was forced to retain the services of CorrectClaim, a public adjusting company, who assisted in the claims handling process. CorrectClaim attempted, in good faith, to negotiate a reasonable settlement of the claim without legal intervention, but was unsuccessful. The actual replacement cost for our client's hail/windstorm damage claim exceeded $53,571.94 (*see* Exhibit "B"), but The Insurance Company and The Adjustor failed, in bad faith, to resolve this claim without legal intervention.

The Insurance Company had an opportunity to promptly pay the Claim. The Insurance Company never made a written request for additional time. The Texas Insurance Code requires full payment of the Claim at the latest possible date within sixty (60) days after receiving all reasonably required items. As such, The Insurance Company and/or its agent, The Adjuster, have failed to comply with the Policy, the Texas Insurance Code and Texas law in handling the our client's claim. Further, The Insurance Company has refused to pay all additional amounts due and owing under the policy for the claim.

II.    <u>Notice and Liability</u>

The Insurance Company and The Adjustor have already received actual, written notice of the Claim based upon The Insurance Company having engaged

ALLSTATE TEXAS LLOYDS
Alex Frezell
Demand
Tuesday, February 09, 2016
Page 3 of 7

_____

in an outcome-oriented investigation and inspection, along with its subsequent denial of full coverage. However, out of an abundance of caution, our client will again provide The Insurance Company and The Adjustor with this notice that their improper handling of the claim subjects them to liability under Texas law, as set forth below.

### A. Unfair Settlement Practices (TEX. INS. CODE. § 541.060, *et seq.*)

The Insurance Company and The Adjustor engaged in Unfair Settlement Practices by:

1) Misrepresenting to our client, material facts or policy provisions relating to the coverage at issue. The Insurance Company, by refusing to adequately pay the claim; and, The Adjustor, by representing that the damages were not in line with the damages outlined below, misrepresented material facts or policy provisions to our client.

2) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though The Insurance Company's liability under the Policy was reasonably clear. The Insurance Company has never attempted to settle the claim for anything near the amounts outlined below, which would have constituted an equitable settlement. The Insurance Company's liability was reasonably clear since the damage was obvious and, without reasonable question, was caused by the hail/windstorm event.

3) Failing to promptly provide our client with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law for The Insurance Company's denial of the full value of the claim or offer of a compromise settlement of the claim. Although The Insurance Company failed to pay the full value of the claim, The Insurance Company and its agents never

---

explained to our client why it was not offering adequate reasonable money or even offering to negotiate a settlement of the claim. The Insurance Company simply unreasonably placed its reliance on reports from experts it knew to be biased. Furthermore, The Insurance Company and The Adjustor did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle the claim.

4) Failing within a reasonable time to affirm or deny coverage of the Claim to our client or to submit a reservation of rights tour client. Although our client reported to The Insurance Company damage to the Property; The Insurance Company failed to timely request all items reasonably related to support the claim. Specifically, our client did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from The Insurance Company and The Adjustor.

5) Refusing to pay our client's claim without conducting a reasonable investigation with respect to the claim. The Insurance Company's reliance on The Adjustor, an adjustor who performs a significant amount of work for insurance companies (and This Insurance Company in particular), was unreasonable. Indeed The Insurance Company's failure to assess its experts' qualifications and reliance upon expert reports which were not objectively prepared renders The Insurance Company liable. The Insurance Company further refused to pay our client's damages as outlined below. Had The Insurance Company conducted a reasonable investigation, it would have reached the conclusion that what our client now claims is a reasonable

ALLSTATE TEXAS LLOYDS
Alex Frezell
Demand
Tuesday, February 09, 2016
Page 5 of 7

—————————

evaluation of the covered loss, which should have been paid immediately following the inspection. The failure to adequately evaluate the structural and property damages constitutes a failure to conduct a reasonable investigation.

Each of the foregoing unfair settlement practices were completed knowingly by The Insurance Company and The Adjustor, and were a producing cause of our client's injuries and damages.

**B. Prompt Payment of Claims** (TEX. INS. CODE. § 542.055, *et seq.*)

The delay in payment to our client violated Texas Insurance Code § 542.055, *et seq.*, thus triggering liability on The Insurance Company's part to pay the amount of the Claim, plus damages consisting of eighteen percent (18%) per annum of the amount of the Claim, along with prejudgment interest and reasonable attorneys' fees.

**C. Breach of Contract and Claim for Attorneys' Fees** (TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*)

The Policy is a valid, binding and enforceable contract between our client and The Insurance Company. The Insurance Company breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Pursuant to the Texas Civil Practice & Remedies Code §38.001, *et seq.*, The Insurance Company may be required to pay reasonable attorneys' fees due to The Insurance Company's breach of contract, which necessitated that my client retain legal counsel. Such payment would be paid in addition to the amount of a valid claim for contractual benefits and costs.

**D. Fraud and Conspiracy to Commit Fraud.**

Each and every one of the representations by The Insurance Company and The Adjustor, as described above, concerned material facts, and absent such representations, our client would not have acted as our client did. The Insurance Company and The Adjustor knew their representations to our client were false or made recklessly without any knowledge of their truth as a positive assertion.

ALLSTATE TEXAS LLOYDS
Alex Frezell
Demand
Tuesday, February 09, 2016
Page 6 of 7

_____

Further, the statements were made with the intention that they should be acted upon by our client, who in turn acted in reliance upon the statements, thereby causing our client to suffer injury and constituting common law fraud and conspiracy to commit fraud.

## NOTICE OF PERSONAL AND INDIVIDUAL LIABILITY OF THE ADJUSTOR

The Adjustor is further notified that in accordance with *Liberty Mutual ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), that The Adjustor is individually liable separately from that of the carrier for violations of the Texas Insurance Code. Therefore, our client will be seeking damages and compensation from you personally as well.


III.    Demand for Payment

Based upon the wrongful conduct described herein our client, The Insurance Company's insured, demands that within sixty (60) days from your receipt of this correspondence, you pay our client for the following damages:

| | |
|---|---|
| Actual damages to date (Structural): | $  53,571.94 |
| Mental Anguish: | $  30,000.00 |
| Attorneys' Fees and costs to date: | $   5,000.00 |
| Structural Payment Delay Penalty (18% per Annum): | $   3,355.22 |
| Pre-Judgment Interest (5% per Annum): | $   1,599.28 |
| Less Deductible and Amount Paid to Date: | - $   2,430.71 |
| **TOTAL DEMAND FOR DAMAGES:** | $  91,095.73 |
| DTPA/Insurance Code (Up to 3 x): | $  TBD |

The actual damages being sought are supported, in part, by the estimate as provided herein. This demand letter is being sent to you in good faith and for the purpose of notifying you of your insured's claims.  If our client's demand is

Alex Frezell
Demand
Tuesday, February 09, 2016
Page 7 of 7

_____

not paid within sixty (60) days from the receipt of this correspondence, we will seek to recover a significant amount of additional damages, including but not limited to, extra-contractual damages, consequential damages, additional attorneys' fees, statutory interest, court costs, and exemplary damages.

**OFFER TO MEDIATE**

In an effort to bring about an amicable resolution of this matter, the undersigned is willing to engage in pre-suit mediation of this claim to avoid unnecessary delay or expense associated with protracted litigation. In the event you are amenable to attempting a resolution of this matter, please provide the names of three mediators acceptable to you. Please also provide my office with available dates to mediate this claim.

If you have any questions regarding this matter, please feel free to contact me at the below listed number. I look forward to your prompt reply.

Respectfully,

MOORE LAW FIRM

/s/ J. Michael Moore
J. Michael Moore